STATE OF MONTANA, EX REL. V. G. KOCH, Co. ATTORNEY, RICHLAND COUNTY, MONTANA, PLAINTIFF AND RESPONDENT, v. JOHN M. LEXCEN, DEFENDANT AND APPELLANT.

No. 9637.

Submitted January 22, 1957.   Decided March 28, 1957.

308 Pac. (2d) 974.

Mr. John M. Lexcen, Sidney, argued pro se.

Mr. V. G. Koch, Sidney, argued pro se.

MR. JUSTICE CASTLES:

At the general election held November 2, 1954, J. C. Cottingham was re-elected to the office of county attorney of Richland County for a two-year term commencing January 3, the first Monday of 1955, and received his certificate of election on November 5, 1955. Cottingham failed to file his oath or bond as required by law and notified the Board of County Commissioners, hereinafter called the Board, that he did not intend to do so.

On December 8, 1954, the Board, composed of Commissioners Pentz, Eikhoff and Sedlacek, declared that a vacancy in the office of county attorney, for the term of office beginning January 3, 1955, existed due to Cottingham's failure to qualify as required by law.

On December 8, 1954, the Board unanimously appointed the respondent as county attorney for the term beginning January 3, 1955, stating in its resolution that, "* * * it is necessary for the faithful and prompt discharge of the duties of the office of the County Attorney of Richland County, Montana, that said vacancy be filled." The respondent duly qualified by filing the official oath and bond, approved by the district judge and assumed his duties on January 3, 1955.

On January 3, 1955, one new member of the Board took office, Spurgeon replacing Sedlacek. The newly composed Board, comprised of Pentz, Eikhoff and Spurgeon, in addition to the statutory three days of meetings in January, held meetings on February 3rd, 7th, 8th, 9th, 11th, 12th, 16th, 17th, 18th and 25th.

The respondent performed the duties of his office and held exclusive possession until at a meeting on February 18, two commissioners, namely, Spurgeon and Pentz voted for a resolution declaring a vacancy in the office of county attorney and by motion, the same two commissioners, appointed the appellant as county attorney. The same two commissioners then passed a resolution to memorialize their motion of February 18, 1955, at a meeting held on February 25, 1955.

The appellant filed his oath and bond. Trial of the issues was had in the district court resulting in judgment for Koch, the respondent herein. This is an appeal from that judgment.

It is noted at the outset that one Board member, namely Pentz, voted for the appointment of respondent Koch as a member of the then unanimous Board on December 8th; and then later, on February 18th, changed his mind for a reason that does not appear from the record and voted with the new member Spurgeon to declare a vacancy and attempt to appoint a new county attorney, namely Lexcen, appellant herein.

There is no dispute herein that the office of county attorney, for the new term, was vacant, upon the failure of the elected official, Cottingham, to qualify. R.C.M. 1947, section 59-602, subd. 9; State ex rel. Wallace v. Callow, 78 Mont. 308, 254 Pac. 187; State ex rel. Bennetts v. Duncan, 47 Mont. 447, 133 Pac. 109; and State ex rel. Nagle v. Stafford, 97 Mont. 275, 34 Pac. (2d) 372, and Id., 99 Mont. 88, 43 Pac. (2d) 636.

There is also no dispute as to whether respondent Koch was appointed, qualified, and did assume his duties, if his appointment was made by the properly constituted board of county commissioners.

"The general rule is that a prospective appointment to fill a vacancy sure to occur in a public office, made by an officer who, or by a body which, as then constituted, is empowered to fill the vacancy when it arises, is, in the absence of a law forbidding it, a valid appointment, and vests title to the office in the appointee." 67 C.J.S., Officers, section 30, page 159; State ex rel. Wallace v. Callow, 78 Mont. 308, 254 Pac. 187.

This general rule is agreed to by both parties to this action. The point of departure comes in the balance of the general rule:

"However, an officer clothed with power of appointment to a public office has no right to forestall the rights and prerogatives of his successor by making a prospective appointment to fill an office, the term of which is not to begin until his own

term and power to appoint have expired.'' 67 C.J.S., Officers, section 30, page 159.

''Generally, an appointment to office cannot be made to extend beyond the term of the appointing officer or board.'' 42 Am. Jr., Public Officers, section 99, page 956.

Thus, here, we must examine the nature of the appointing board to determine whether the appointment of respondent Koch forestalled the rights and prerogatives of the Board which was in office on January 3, 1955, the effective date of respondent's appointment.

This court, in considering the nature of the board of county commissioners in a suit involving the validity of the term of a contract extending beyond the term of individual members, in Bennett v. Petroleum County, 87 Mont. 436, 447, 288 Pac. 1018, 1020, said:

''The board of county commissioners functions for the municipal corporation in its authorized powers as a continuous body, and, while the personnel of its membership changes, the corporation continues unchanged.'' (Citing cases). See also Farmers' State Bank of Conrad v. City of Conrad, 100 Mont. 415, 423, 47 Pac. (2d) 853.

The mere election of one member of the Board who took office on the first Monday in January, 1955, did not make the Board a new Board from that existing theretofore. The purpose of staggering terms of the Board is to assure continuity in the Board.

Here, in the instant case, on December 8, 1954, the Board consisted of two members whose terms were to continue after January 3, 1955. Certainly the continuing membership of the Board, which voted for respondent's appointment unanimously, could not be said to be acting to ''forestall the rights and prerogatives'' of the successor Board. They were, in fact, the majority of the Board acting after January 3, 1955. Furthermore, there is no showing that the Board, on December 8, 1954, was acting fraudulently or designedly to forestall the succeeding Board. Quite the contrary, the record shows and the district court found that,

"it [referring to the appointment of respondent Koch] is necessary for the faithful and prompt discharge of the duties of the office of the County Attorney of Richland County, Montana, that said vacancy be filled."

Appellant contends that the case of State ex rel. Dunne v. Smith, 53 Mont. 341, 163 Pac. 784, is controlling. In that case, upon the death of the incumbent county assessor, after his re-election and following his qualification, an appointment was made for the balance of the incumbent's term, the appointment reading in part, " 'beginning December 7, 1916, and expiring on the first day of January, 1917 * * *'." The Board in that situation obviously and deliberately made the appointment for the balance of the term and not for the new term. The Board then made a new appointment on January 2, 1917, for the new term and the court upheld this latter appointment. The court specifically found that two terms were involved, the balance of incumbent's term and the new term. In the instant case we do not have that situation.

As related before, the fact that the continuing membership of the Board, acting in good faith, made a prospective appointment for a term beginning during their term of office did not forestall the rights and prerogatives of the Board with one new member, and the newly constituted Board cannot change its mind some twelve meetings and forty-seven days after it takes office and after the respondent herein had assumed and performed his duties.

Contentions made in appellant's and respondent's briefs as to the validity of the Board meetings on February 18th and February 25th, need not be discussed here.

The judgment of the district court is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICE ANGSTMAN, concur.

MR. JUSTICES BOTTOMLY and ADAIR, dissent.