PICKETT, Judge.
This is a quo warranto proceeding instituted by the plaintiffs, Gary Faciane and Ogise Richardson in which they allege that they are the legitimate appointees to the Greater New Orleans Expressway Commission by virtue of their appointment by the St. Tammany Parish Police Jury, October 2, 1969. They allege as a cause of action that defendants, Angelo Bosco and Ralph Privette, are unlawfully claiming appointment to the same office, and that plaintiffs are entitled to a writ of quo war-ranto. The trial court found that none of the parties, either plaintiffs or defendants, are entitled to the disputed positions on the Greater New Orleans Expressway, and he denied them the right to claim or hold the disputed positions. The defendant appealed suspensively and the plaintiffs appealed devolutively to this court.
The defendants, Angelo Bosco and Ralph Privette, filed a motion to dismiss the appeal filed by plaintiffs, Gary Faciane *603 and Ogise Richardson, together with a supporting brief. Thereafter, the plaintiffs filed a motion to strike the supplemental brief filed by defendants in support of their motion to dismiss.
The learned trial judge has clearly and concisely outlined the proceedings had and the evidence and issues presented to the district court, as follows:
“The evidence introduced in the hearing on the petition for a writ of quo warranto shows that the Greater New Orleans Expressway Commission is the result of an agreement reached by the St. Tammany Parish Police Jury and the Jefferson Parish Police Jury on October 20, 1954. The agreement was adopted by the Police Jury of St. Tammany Parish and the Police Jury of Jefferson Parish pursuant to authorization granted by R.S. 33:1321 through 1332, and subsequently by Article 6, Sec. 22 paragraph G5 of the La. Constitution of 1921 as amended. Under terms of the agreement, and more specifically Article 6 thereof, St. Tammany Parish was given the authority to appoint two members to the Commission to serve for a period of five years. After the initial appointment, one of the five year terms was to end on October 31, 1957 and the other was to end on October 31, 1959. When these terms expired, new appointments were to be made for terms of five years each. In addition, there was appointed to the Commission a member at large whose term was to end on October 31, 1955. Thereafter, the member at large was to be reappointed each year, and the appointment was to rotate on alternate years between Jefferson and St. Tammany Parishes. Accordingly, under the agreement, Jefferson and St. Tammany Parish would always have two members on the Commission serving five year terms, and on alternate years, one of the parishes would have three members depending on which parish was entitled to appoint the member at large.
“The agreement further provides that in all cases where a term is ending, the term ends on October 31. Accordingly, the evidence shows that on October 31 of this year, St. Tammany Parish is entitled to appoint a member to the Commission for a five year term, and is also entitled to appoint the member at large for a one year term.
“On September 18, 1969, the St. Tammany Parish Police Jury held its regular meeting. Prior to this meeting, the Police Jury had been reapportioned by the Federal Court so that each police juror was casting a vote according to a percentage. When the meeting convened at 10 a. m., all jurors representing 100% of the votes were present. At lunch a police juror, Mr. Gary Faciane, one of the plaintiffs herein, left on a trip and did not return when the Jury reconvened after the noon hour. When new business was called for by the president, one of the jurors moved for the appointment or reappointment of the defendant, Angelo Bosco to the Commission for a five year term. When this motion was made and after some discussion, six members of the jury left the meeting. While they had left the meeting, the seven remaining members appointed Malcolm Stein, president pro tempore of the Police Jury and proceeded to appoint Angelo Bos-co to the five year term, and Ralph Priv-ette to the one year term on the Commission. They then adjourned the meeting. According to the reapportionment figures provided for in the Federal Court, the seven members represented 47.6% (Forty-seven and six tenths) per cent of the population.
“After the seven members had made their appointments and adjourned, the other six, along with one of the seven who had been with the preceeding group, returned to the Police Jury room and proceeded to appoint Gary Faciane to the five year term, and Ogise Richardson to the one year term on the Commission. These seven represented 51.8% of the voting units.
“Subsequently, the defendants, Angelo Bosco and Ralph Privett.e, took their oath *604 of office to the Commission on September 19, 1969 and on September 26, 1969, the Secretary of State certified that documents had been filed indicating that these two had been made members of the Causeway Commission.
“Meanwhile, the president of the Police Jury, Mr. Ed Scoggins, issued a call for a special meeting to be held on October 2, 1969. This meeting was held and all members of the Jury representing 100% of the voting units were present. A motion was then made and seconded that the previous actions of the Police Jury in appointing members to the Commission, whether valid or invalid, be rescinded. This motion was passed by voting units of 52.6 in favor and 47.6 against. Then by the same vote, the Jury appointed Gary Faciane to the five year term and Ogise Richardson to the one year term on the Commission. These two jurors subsequently took their oath of office and were issued the same credentials to the Commission by the Secretary of State as were Mr. Bosco and Mr. Privette.
“Several issues have been cited to this Court by the opposing parties as reasons why the first election was valid or invalid, the second election was valid or invalid, or the third election was valid or invalid.”
The defendants, Bosco and Privette, filed a motion in this court February 3, 1970, to dismiss the devolutive appeal herein taken by the plaintiffs, Faciane and Richardson. The trial judge signed the judgment appealed from November 3, 1969. The defendants obtained an order of sus-pensive appeal, November 10, 1969. The plaintiffs obtained an order from the district judge for a devolutive appeal January 16, 1970. The defendants contend that after the trial court granted the order of sus-pensive appeal November 10, 1969, the trial court was divested of its jurisdiction under the provisions of LSA-C.C.P. Article 2088. However, Article 2088 provides in part as follows:
“The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the timely filing of the appeal bond, or if no bond is required, on the granting of the order of appeal. Thereafter, the trial court has no jurisdiction over these matters except to:
‡ * * * * *
(6) Grant an appeal to another party; * * * »
The order for a devolutive appeal was granted within ninety days as provided for in LSA-C.C.P. Article 2087. Under the plain provisions of LSA-C.C.P. Article 2088, the trial court had jurisdiction to grant the appeal, and it was timely perfected. We find no merit in defendants’ motion to dismiss the plaintiffs’ appeal, and the motion is denied.
As stated by the trial judge, the Greater New Orleans Expressway Commission (sometime hereinafter referred to as the Commission) is a public corporation formed by contract or agreement between Jefferson and St. Tammany Parishes on October 20, 1954, pursuant to authorization granted by LSA-R.S. 33:1321-33:1332, inclusive, and subsequently implemented by Article VI, Section 22, Paragraph (g) (5) of the Louisiana Constitution of 1921, as amended. The agreement or articles of incorporation of the Commission, and particularly Article VI thereof, provides that all powers of the Commission shall be vested in five members, four of whom shall serve five years each, and one member shall serve for one year. St. Tammany Parish was given authority to appoint two members to the Commission to serve for a period of five years. In addition thereto, there was to be appointed to the Commission one member at large, who was to be appointed on alternate years by Jefferson and St. Tammany Parishes. The agreement further provided that the terms of the respective members should end on October 31, of the appropriate year.
The evidence shows that on October 31, 1969, St. Tammany Parish was entitled to *605 appoint one member to the Commission for a five-year term and it, also, was entitled to appoint a member at large for the one-year term. Under the specific provisions of the aforesaid agreement two vacancies would occur on the Commission on November 1, 1969.
The evidence shows, as related by the trial judge, that on September 18, 1969, the defendants were appointed to the Commission by one group of the St. Tammany Parish Police Jury, and on the same day the plaintiffs were appointed to the Commission by another group of the St. Tammany Parish Police Jury. Thereafter, on October 2, 1969, the Police Jury of St. Tammany Parish, in special session convened, by voting units of 52.6 in favor and 47.6 against, rescinded the actions taken on September 18, 1969, with reference to filling the vacancies on the Commission. Then by the same weighted vote, the St. Tammany Parish Police Jury appointed Gary Faciane to the five-year term and Ogise Richardson to' the one-year term on the Commission. These two appointees subsequently took their oath of office, and the Secretary of State certified that documents had been filed showing that they had been made members of the Commission.
The trial court, in written reasons for judgment, held that neither of the parties before the court were entitled to hold positions on the Greater New Orleans Expressway Commission by virtue of the action taken by the St. Tammany Parish Police Jury either on September 18, 1969, or on October 2, 1969, because no vacancy existed at either time the appointments were made. The trial judge expressed the opinion that there is no authority in this state for prospective appointments when the Police Jury is the appointing authority, and in that connection, said:
“However, it is the Court’s conclusion that the validity of the procedures in either of the three meetings is not determinative of the issues in this case since on all three occasions when action was taken to appoint members to the Greater New Orleans Expressway Commission, the Police Jury was without power to do so.”
The trial judge in support of his opinion cited State ex rel. La Nasa v. Hickey, 222 La. 17, 62 So.2d 86 and quoted with approval from the concurring opinion of Justice McCaleb, as follows:
“It is true that some of the courts of this country have approved prospective appointments to public office in cases where it appeared that the vacancy was sure to occur during the term of the executive. The majority opinion quotes 67 C.J.S., Officers, § 30, page 159, wherein it is stated that such is the general rule to be applied in the absence of a law forbidding it.
I respectfully disagree with this doctrine and the theory upon which it is founded. Without law countenancing the practice, authority to fill vacancies does not exist until there is a vacancy. Indeed, it strikes me that the courts upholding prospective appointments, on the reasoning that the law conferring the appointive power does not forbid its use in anticipation of the vacancy, were not applying the law as written but, rather, were indulging in the legislative function of redrafting the law so as to include the additional authority in the executive.”
In the La Nasa case Governor Long under the authority of Section 12 of Article 5 of the Constitution of Louisiana made a recess appointment of William P. Hickey as assessor for the Third Municipal District, Parish of Orleans, to fill the vacancy in that office caused by the death of the incumbent. Hickey qualified for the office and was discharging his duties as such when the Senate convened and was in regular session, Governor Kennon, who had in the meantime qualified as Governor of the State, appointed Joseph La Nasa to the same office and submitted his name to the Senate for confirmation. The Senate *606 promptly confirmed the appointment and thereafter, on June 3, 1952, La Nasa took the required oath of office and filed the necessary bond which was approved by the Governor. Having the necessary credentials he requested Hickey to give him possession of the office and Hickey refused. The court held that La Nasa’s appointment was valid but that under the circumstances did not become effective until the adjournment of the Legislature at which time Hickey’s Commission would have expired and a vacancy would occur. One of the issues presented to the court was whether or not Governor Kennon had the right to make an appointment to fill a vacancy that was sure to occur. The court cited 67 C. J.S. Officers § 30, which stated the general rule as follows:
“The general rule is that a prospective appointment to fill a vacancy sure to occur in a public office, made by an officer who, or by a body which, as then constituted, is empowered to fill the vacancy when it arises, is, in the absence of a law forbidding it, a valid appointment, and vests title to the office in the appointee.”
The court in the La Nasa case, supra, also cited 42 Am.Jur., Public Officers, Section 129, which is as follows:
“It is, of course, a condition precedent to the exercise of the power to fill a vacancy in office that such vacancy in fact exist, or that it will surely occur within the time during which the appointing officer or body as then constituted will have authority to fill it. In such latter case the right to make a prospective appointment to fill the vacancy has been recognized. Therefore, the fact that the incumbent’s term has not expired at the time an appointment is made to fill a vacancy in the office does not render the appointment invalid if it is to take effect at such expiration and the vacancy will occur during the term of office of the appointing officer.”
The Supreme Court concluded that an officer or appointing body which has the authority to make an appointment may make prospective appointments to fill a vacancy which is sure to occur in a public office within the time during which the appointing officer or appointing body will have authority to fill the vacancy. The Supreme Court then held that Hickey who had been properly appointed under the authority of Section 12, of Article 5 of the Louisiana Constitution was entitled to the office until the end of the session of the legislature, at which time the prospective appointment of La Nasa which had been confirmed by the Senate would become effective, and La Nasa would then be entitled to the office.
In State ex rel. La Nasa v. Hickey, supra, the Governor received his appointive powers from the Constitution, whereas in the instant case the St. Tammany Parish Police Jury received its appointive powers from the agreement made with the Jefferson Parish Police Jury creating the Commission. The Supreme Court held that the Governor had the right to make prospective appointments. In the absence of any law prohibiting the Police Jury making a prospective appointment, under similar circumstances, we find that the St. Tammany Parish Police Jury had at least the implied right to make appointment to fill a vacancy that was certain to occur.
The appointment made by the St. Tammany Parish Police Jury September 18, 1969, could not become effective until the vacancy occurred on November 1, 1969. The act of taking the oath of office and qualifying for the office meant nothing until the vacancy should occur. Therefore, we conclude that the Police Jury had the right to rescind the prospective appointments made on September 18, 1969, and to make the appointment under date of October 2, 1969, to become effective on November 1, 1969.
Therefore, we conclude that the appointment of plaintiffs, Gary Faciane and *607 Ogise Richardson made on October 2, 1969, was valid and that the appointments became effective November 1, 1969, when the terms of the incumbents expired and the vacancies occurred.
For the above and foregoing reasons the judgment of the trial court is reversed and set aside. There is judgment herein in favor of Gary Faciane and Ogise Richardson recognizing them to be the duly appointed members of the Commission of the Greater New Orleans Expressway Commission and as such entitled to membership on the Greater New Orleans Expressway Commission and to the emoluments of that office from November 1, 1969, during the period of their occupancy of the office.
All costs of this appeal to be paid by defendants.
Reversed and rendered.