## 22053

CHESTER COUNTY HOSPITAL AND NURSING CENTER, Respondent, v. J. F. MARTIN, Simpson Darby, John Lucas, Marion M. Thomas, Don Murray, Carlisle Roddey, Lowell Schweiterman, individually and as members of the Chester County Council, and the Chester County Council, Appellants.

(314 S. E. (2d) 308)

Supreme Court

*Paul E. Short, Jr.,* of *Strickland, Short & Keels,* Chester, *for appellants.*

*Gerald M. Finkel* and *Ralph C. McCullough, II,* both of *Finkel, Goldberg & Sheftman,* Columbia, *for respondents.*

March 6, 1984.

LEWIS, Chief Justice:

This appeal is from an order of the trial court restraining the Chester County Council from adopting an ordinance with respect to the appointment of the Chester County Hospital Board. We vacate the order and dismiss the action.

In February 1981, the Chester County Council took up for consideration a proposed ordinance by the terms of which the size of the respondent Chester County Hospital Board would be increased to thirteen (13) members all of whom would be appointed or reappointed by the County Council at certain stated intervals. The Board was created by Act No. 365 of the

1947 South Carolina General Assembly. This statute provided that vacancies, as they occurred, would be filled by a two-thirds vote of the remaining Board members.

Upon the first reading of the proposed ordinance, the respondent petitioned the Circuit Court for an injunction prohibiting its enactment. The Petition alleged that approval of the ordinance would cause irreparable injury to the respondent Hospital. After overruling demurrers by the appellants the trial court received detailed testimony about the operations of the Hospital and the relationship between the parties. Subsequently a permanent injunction was granted on the basis that the proposed ordinance was invalid as an attempted exercise of power beyond the limitations imposed upon county governments by Section 4-9-170, Code of Laws of South Carolina, 1976. No testimony was taken concerning the allegations of irreparable injury nor were any findings made on this point in the Order of the trial court.

We have previously had occasion to comment on the propriety of court injunctions restraining enactment of ordinances. The general rule disapproving such practice was noted in *Pure Oil Division v. City of Columbia,* 254 S. C. 28, 173 S. E. (2d) 140 (1970); the issue was not, however, controlling in that case. The appeal now before us does require treatment of the limits to judicial power in the circumstances presented.

Generally a court may not restrain by injunction the exercise of legislative power by municipal corporations, including counties. The restraining power of a court should be directed against enforcement rather than passage of ordinances. 43A C.J.S. Injunctions Section 126. Among the acknowledged exceptions, however, is the instance in which "the mere passage of the ordinance would immediately occasion, or would be followed by, some irreparable loss or injury beyond the power of redress by subsequent judicial proceedings . . . ." 43A C.J.S. Injunctions Section 126, note 30, p. 227. It is this exception which the respondent invoked in its Petition to the Circuit Court.

There are settled principles which govern proceedings wherein an irreparable injury is alleged:

. . . the injury threatened must be impending as a direct result of the voting on, and passing of, the ordinance as

distinguished from injury that may result from the carrying out or enforcement of the ordinance. Where it is the enforcement of the ordinance that will cause the injury, it is the enforcement that must be enjoined. 43A C.J.S. Injunctions Section 126, notes 39 and 40, p. 228.

The record before us contains no showing whatever that the mere adoption of the proposed ordinance will in itself occasion irreparable injury. Given the posture of the case at the conclusion of the evidence, there was no basis for any departure from the general rule against judicial restraint of the legislative power. Indeed, for this Court to proceed to determine the validity of the ordinance in question would amount to rendering an advisory opinion, which we have consistently declined to do. *Biter v. S. C. Employment Security Commission,* 276 S. C. 493, 280 S. E. (2d) 60 (1981); *Booth v. Grissom,* 265 S. C. 190, 217 S. E. (2d) 223 (1975).

Accordingly we vacate the injunction issued by the trial court and remand for entry of judgment for the defendants.

LITTLEJOHN, NESS and HARWELL, JJ., concur.

GREGORY, J., not participating.