THE STATE, EX REL. NORMAN, APPELLANT, *v.* VIEBRANZ, APPELLEE.

[Cite as State, ex rel. Norman, *v.* Viebranz (1985), 19 Ohio St. 3d 146.]

(No. 85-714—Decided October 9, 1985.)

*Stephen Colecchi,* for appellant.
*Louis R. Myers,* for appellee.

*Per Curiam.* The initial question for our consideration is whether appellant's purported appointment to the unexpired term on the vocational board was effective. If it was, then the Windham board would have been powerless to reconsider it. "* * * The power of appointment, once exercised, is exhausted until a new vacancy occurs. 'Where power has been given to appoint to an office and the same has been exercised, any subsequent appointment to the same office will be void unless the prior incumbent has been removed or the office has otherwise become vacant.' " *State, ex rel. Gahl,* v. *Lutz* (1937), 132 Ohio St. 466, 471 [8 O.O. 413]. "* * * By the act of appointment, title is vested." *Id.* at 470; *Marbury* v. *Madison* (1803), 1 Cranch (5 U.S.) 137, 155.[1] If appellant's appointment to the vocational board was not effective, the Windham board was obligated to perform its statutory duty to make an appointment. R.C. 3311.19.

In *State, ex rel. Palmer,* v. *Darby* (1894), 4 Ohio C. D. 124, 127, 12 Ohio C.C. 235, 240-241, affirmed without opinion (1894), 52 Ohio St. 611, the court said:

"While regular elections may and are required to be held in anticipation of the expiration of an official term, and the appointments to an office originally appointive may be made while the person holding the office is still serving his term and in anticipation of its regular expiration[,] yet neither an election nor an appointment to fill a casual vacancy can be held or made anticipatory of the vacancy nor until its actual occurrence."

In the same vein, this court held in paragraph one of the syllabus of *State, ex rel. Morris,* v. *Sullivan* (1909), 81 Ohio St. 79, as follows:

"The well settled rule of the common law forbids that an officer

---

[1] In this famed case, William Marbury had been appointed to a five-year term as a justice of the peace for the District of Columbia by outgoing President John Adams. The incoming Secretary of State, James Madison, refused Marbury's request for his commission, whereupon a mandamus action was instituted. In the course of the Supreme Court's opinion, Chief Justice Marshall said: "In order to determine whether he [Marbury] is entitled to this commission, it becomes necessary to inquire whether he has been appointed to the office. For if he has been appointed, the law continues him in office for five years, and he is entitled to the possession of those evidences of office, which, being completed, *became his property.*" (Emphasis added.) *Marbury* v. *Madison* (1803), 1 Cranch (5 U.S.) 137, at 155. (See, also, *Logan* v. *Zimmerman Brush Co.* [1982], 455 U.S. 422; *Perry* v. *Sindermann* [1972], 408 U.S. 593; *Humphrey's Executor* v. *United States* [1935], 295 U.S. 602; *DeWoody* v. *Underwood* [1940], 66 Ohio App. 367 [20 O.O. 243].) Continuing, at 157, in *Marbury,* the Chief Justice commented: "Some point of time must be taken when the power of the executive over an officer, not removable at his will, must cease. That point of time must be when the constitutional power of appointment has been exercised."

clothed with power of appointment to a public office, shall forestall the rights and prerogative of his successor, by making a prospective appointment to fill an anticipated vacancy in an office the term of which cannot begin until after his own term and power to appoint have expired."

Eight years later, in *State, ex rel. Taylor,* v. *Cowen* (1917), 96 Ohio St. 277, 285, the court observed:

"* * * [T]he appointing power has full authority to anticipate vacancies in its appointments. This legal principle, however, is limited, in that such vacancies, whether by resignation or expiration of term, must occur during the life of the appointing power. The latter cannot saddle upon its successors appointees whose official terms are to begin thereafter."

In sum, it is the law of Ohio that there can be a valid appointment to an office in advance of the time the vacancy actually occurs. Prospective appointments to office are generally deemed to be effective, with this exception: If the term of the appointing body or officer will expire prior to or at the same time that the vacancy will occur, then no power of prospective appointment exists.[2] Since the office of representative to the vocational board did not become vacant until the term of the appointing body — the Windham board — expired, the Windham board was without authority to prospectively name a successor to Marcial on December 8, 1983, and its attempt to do so was void *ab initio.*

The case of *State, ex rel. Moulton,* v. *Myers* (1918), 99 Ohio St. 26, presented an issue strikingly like that in this case. This court's *per curiam* opinion stated:

"The statute which confers upon the presidents of the boards of education of the various village and rural school districts of each county authority to elect a member of the county board of education each year, does not authorize the election of a member of such board for a term which does not begin until after the expiration of the term of office of such presidents. The general rule of law, well established, which is recognized and applied in the case of *State, ex rel. Morris,* v. *Sullivan,* 81 Ohio St. 79, is applicable, and precludes the election of members of the county board of education, whose terms of office do not begin until the third Saturday of January, by presidents of village and rural school districts of the county, whose own terms and power to appoint expire on the preceding first Monday of January. The election of each of the relators was therefore invalid and they are not entitled to the relief sought."

In light of the authorities thus far discussed, we can come but to one conclusion: Appellant was not legally appointed as a member of the vocational board and she can have no legitimate claim to that office.

---

[2] A school board, like other public entities, is a continuous body, although its personnel changes from time to time. In this case, however, by operation of law (R.C. 3313.09 and 3313.14) the annual term of the Windham board itself came to a close, and reorganization for the succeeding term beginning in January became necessary.

Appellant places great emphasis on the fact that she accepted the December 8 appointment and was administered the oath of office by a judge on January 3. She contends that her title to the public office as a member of the vocational board of education became vested at that time. With this contention, she advances this proposition of law: "A member of a board of education, such position being a public office, duly elected or appointed according to law, who has taken the oath of office, cannot be removed from office except as provided in Ohio Revised Code Section 3.08."

The key phrase in appellant's proposition is "duly elected or appointed." Obviously, one cannot be duly appointed to an office where there is no vacancy, since two persons cannot, at the same time, occupy an office for which only one incumbent is provided by law. *Davies* v. *State, ex rel. Scherer* (1908), 20 Ohio C. D. 527, 11 Ohio C.C. (N.S.) 209. Marcial's incumbency on the Windham board did not end until December 31, 1983. Because she was disqualified from serving the final two years on the vocational board, a vacancy on that board existed beginning January 1, 1984. The Windham board was without authority to prospectively fill the vacancy on the vocational board because that vacancy arose after the Windham board's term ended on December 31. Hence, the oath of office taken by appellant pursuant to the alleged appointment of December 8, 1983, was merely an act of superfluity.[3]

Appellant's election to the vocational board was ineffective. The void in that body beginning January 1, 1984 was properly filled by the Windham board when it appointed appellee on January 4. Appellee is entitled to the office, and the demand for his ouster by quo warranto is refused. Accordingly, the writ is denied.

*Judgment affirmed*
*and writ denied.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.

---

[3] Our disposition of this case makes it unnecessary to address the issue as to whether R.C. 3.08 provides the exclusive means for the removal from office of a member of a board of education. We expressly do not reach this question.