22919

Michael F. MULLINAX and John W. Tucker, Jr., Appellants v. T. Ed GARRISON, Charles L. Powell, Robert N. McClellan, Ronald P. Townsend, C. D. Chamblee, M. J. Cooper, Robert O. Kay, Respondents.

(373 S. E. (2d) 471)

Supreme Court

*Tom W. Dunaway, III*, Anderson, *for appellant Michael F. Mullinax.*

*Steven M. Krause*, Anderson, and *John G. Felder*, of *Felder, Whetstone, Riesen, Gardner, Bradley, Guerard, Ling & Gibson*, St. Matthews, *for appellant John W. Tucker, Jr.*

*Asst. Atty. Gen. J. Emory Smith, Jr.,* Columbia, *for respondents.*

Heard Oct. 17, 1988.

Decided Nov. 2, 1988.

*Per Curiam:*

This case arises out of respondents' intention to hold a meeting of the Joint Anderson-Oconee Legislative Delegation for the purpose of making a prospective appointment to the South Carolina State Board of Education.[1] The vacancy will not occur until January 1, 1989. Appellants allege that the filling of the vacancy as intended by respondents will constitute a prospective appointment in derogation of the law of this State. We agree.

Appellant Tucker and respondents are current members of the Anderson and Oconee County Legislative Delegations whose offices will expire at midnight on November 13, 1988. On November 14, a new delegation, of which appellant Mullinax is Senator-elect, will begin its term. S. C. Const. Art. III, § 10. Accordingly, the vacancy on the Board of Education will not occur until approximately seven weeks after the expiration of appellant Tucker and respondents' terms of office.

As a general rule, appointments which fill a prospective vacancy in an office before the actual vacancy occurs are valid. *Morrison v. Michael,* 98 Cal. App. (3d) 507, 159 Cal. Rptr. 568 (1979); *Hansen v. Highland,* 237 Ind. 516, 147 N. E. (2d) 221 (1958); *Board of Education v. Nevels,* 551 S. W. (2d) 15 (Ky. App. 1977); *State ex rel. Koch v. Lexcen,* 131 Mont. 161, 308 P. (2d) 974 (1957); *People v. Dethloff,* 283 N. Y. 309, 28 N. E. (2d) 850 (1940); *State ex rel. Oklahoma Tax Comm. v. Mourer,* 596 P. (2d) 882 (Okl. 1979). However, a legislative body may not usurp the rights of its successor by making a prospective appointment to fill an anticipated vacancy in an office where the appointee's term will not begin until after the legislative body's own term has expired. *State ex rel. Aker v. Major,* 94 S. C. 472, 78 S. E. 896 (1913); *Sanders v. Belue,* 78 S. C. 171, 58 S. E. 762 (1907).

---

[1] S. C. Code Ann. § 59-5-10 (1976).

Based on these rules we conclude that, should respondents fill the prospective vacancy on the Board of Education, their action would be contrary to our law.

Further, *Chester County Hospital & Nursing Center v. Martin,* 281 S. C. 25, 314 S. E. (2d) 308 (1984), supports our decision. In *Chester County, Id.,* we cautioned the judiciary to restrain itself from enjoining the exercise of legitimate legislative functions such as the passage of an ordinance. We held that while mere exercise of the legislative function such as adopting an ordinance should not be enjoined, where enforcement of legislative action will itself occasion irreparable injury, injunction is appropriate. Because respondents may not fill this vacancy prospectively, an election for this purpose constitutes an improper legislative function and, accordingly, may properly be restrained.

Therefore, we restrain respondents from holding a meeting to elect a member to the State Board of Education until such time as the new delegations are seated.

Reversed.