THE STATE, EX REL. WILSON, APPELLEE, *v.* GULVAS, APPELLANT.

[Cite as *State, ex rel. Wilson, v. Gulvas* (1992), 63 Ohio St.3d 600.]

(No. 91–1812—Submitted February 11, 1992—Decided May 6, 1992.)

*Eastman & Smith, James L. Rogers* and *Robert J. Gilmer, Jr.,* for appellant.

*John M. Wilson, pro se.*

---

*Per Curiam.* R.C. 519.13 requires that members of a township board of zoning appeals reside in the township they serve. The statute further provides:

"* * * Each member shall serve until his successor is appointed and qualified. Members shall be removable for the same causes and in the same manner as provided by section 519.04 of the Revised Code. Vacancies shall be filled by the board of township trustees and shall be for the unexpired term. * * *"

The court of appeals applied R.C. 503.241 because R.C. 519.13 permits "vacancies" on a township board of zoning appeals to be filled by appointment, but provides no guidance as to when a vacancy occurs. R.C. 503.241 provides, in part:

"Whenever any township officer ceases to reside in the township, * * * his office shall be deemed vacant and the board of township trustees shall declare a vacancy to exist in such office.

"Such vacancy shall be filled in the manner provided by section 503.24 of the Revised Code [board of township trustees to appoint qualified elector to fill vacancy]. * * *"

Gulvas argues that R.C. 503.241 applies only to elective township officers and, therefore, does not govern the BZA, which is formed by appointment. He further argues that noncompliance with the residency requirement in R.C. 519.13 did not automatically disqualify Gitgood and create an immediate vacancy, but rather, was merely cause for Gitgood's removal pursuant to the notice and hearing procedures in R.C. 519.04,[1] which the trustees did not pursue. From this, Gulvas concludes that Wilson's appointment was void as having been made before Gitgood's seat on the BZA became vacant.

We agree that R.C. 503.241 is limited to elective township officers. R.C. 503.241 does not state the township offices to which it applies; however, it refers to a companion statute, R.C. 503.24, which applies to vacancies caused by "the nonacceptance, death or removal of a person chosen to an office in any township at the regular election, or * * * any other cause * * *." This reference suggests that R.C. 503.241 was intended to complement R.C. 503.24 by supplying one "other cause" for declaring a vacancy in an elective township office. Thus, we hold that R.C. 503.241, like R.C. 503.24, does not extend to nonelective township offices such as the BZA and thus create a vacancy when the appointee no longer resides within the township.

But, while we find R.C. 503.241 technically inapplicable to the BZA, we cannot accept the premise that Gitgood remained a BZA member, despite his change of residence, until he resigned in January 1990. Contrary to Gulvas' argument, change of residence is not "cause" for removal as contemplated by R.C. 519.04. The rule of *ejusdem generis* applies here because R.C. 519.04 first employs specific examples of such cause, but afterwards conjoins "a broader signification." *State v. Aspell* (1967), 10 Ohio St.2d 1, 39 O.O.2d 1,

---

1. R.C. 519.04 provides, in part:

"* * * Members * * * [of a township board of zoning appeals] shall be removable for non performance of duty, misconduct in office, or other cause by the board [of trustees], upon written charges being filed with the board, after a public hearing has been held regarding such charges, and after a copy of the charges has been served upon the member so charged at least ten days prior to the hearing * * *. The member shall be given an opportunity to be heard and answer such charges. * * *"

225 N.E.2d 226, paragraph two of the syllabus. This requires us to read "or other cause" in the statute as embracing only events of a character similar to "non performance of duty * * * [and] misconduct in office," the terms that precede the phrase. *Id.* We do not see, and Gulvas does not argue, any similarity between the failure of a basic statutory prerequisite to membership on the BZA—township residence—and acts of nonfeasance or malfeasance committed while in office.

Moreover, we find this case analogous to *State, ex rel. Flex, v. Gwin* (1969), 20 Ohio St.2d 29, 49 O.O.2d 185, 252 N.E.2d 289. There, we construed R.C. 3513.31, which allowed a county district central committee to fill by appointment a vacancy caused by the death or withdrawal of a judicial candidate prior to an election, to also mean that the committee could fill the vacancy caused by a candidate's disqualification due to age. R.C. 3513.31 made no mention of disqualification due to age, but we looked outside the "technical" terms of the statute, to legislative purpose, and held that the disqualification created a vacancy by "involuntary withdrawal" or "withdrawal by operation of law." *Id.* at 32, 49 O.O.2d at 186, 252 N.E.2d at 291.

Similarly, we are confronted here with both a requirement for holding office and no law which definitively states the effect of noncompliance with that requirement. Thus, we follow *Flex*, and construe the statute in issue, R.C. 519.13, according to our best assessment of the General Assembly's purpose, which must have been to assure that township zoning regulations are administered absolutely by the residents to which they apply. This purpose does not permit a construction of R.C. 519.13 that allows even the possibility that a nonresident might continue to serve on a board of zoning appeals due to the township trustees' reluctance, for whatever reason, to initiate removal proceedings. We therefore hold, consistent with the judgment below, that a vacancy occurs automatically under R.C. 519.13 when a member of a township board of zoning appeals moves to a residence outside the township he serves.

Gulvas' reliance on *State, ex rel. Bachman, v. Wright* (1897), 56 Ohio St. 540, 47 N.E. 569, does not persuade us to hold otherwise, although it supports his argument that an appointment without a vacancy is void. We held in *Wright* that a mayor's office did not become vacant due to an incomplete verdict in an election contest or the subsequent appointment of the contestor to replace the incumbent. But, in *Wright*, we had the benefit of a statute specifying the events that caused vacancies in the office and, therefore, were able to determine that the statutory conditions had not been met. *Wright* does not advance Gulvas' position here because, as the court of appeals observed, "vacancies" in R.C. 519.13 is not defined.

*State, ex rel. Norman, v. Viebranz* (1985), 19 Ohio St.3d 146, 19 OBR 369, 483 N.E.2d 1176, another case cited by Gulvas, is also good authority for the proposition that an appointment is void if made before a vacancy exists. *Norman,* however, is actually consistent with our construction of R.C. 519.13 because it acknowledges that noncompliance with a statutory prerequisite for holding office is a disqualification by operation of law and automatically creates a vacancy.

In *Norman,* a member of a village board of education was appointed to a vocational school board for a term two years longer than her term on the board of education. The board member was not reelected to the village board of education, which was required by statute for her to hold a seat on the vocational school board. We held that the defeated board member was "disqualified" from serving the final two years of her appointive term on the vocational school board and that a vacancy existed on that board when her term on the village board of education ended. *Id.* at 149, 19 OBR at 371, 483 N.E.2d at 1179. Accord *State, ex rel. Hover, v. Wolven* (1963), 175 Ohio St. 114, 23 O.O.2d 399, 191 N.E.2d 723 (where an office holder accepts a second office incompatible with the first, the first office is automatically vacated, and removal procedures are unnecessary; acceptance of the second office is, in effect, constructive resignation of the first).

For a writ of quo warranto to issue under R.C. 2733.06, Wilson must show that he is entitled to a public office and that the office is being unlawfully held by another. *State, ex rel. Delph, v. Barr* (1989), 44 Ohio St.3d 77, 541 N.E.2d 59, syllabus. Wilson has satisfied this standard here by showing that he was validly appointed to a vacancy on the BZA created automatically by Gitgood's change of residence and that Gulvas' appointment, having been made without a vacancy, is void. Accordingly, the court of appeals properly granted the writ, and we affirm.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.