Dear Mr. Fontenot:
You have requested an opinion of the Attorney General regarding several actions taken by the Evangeline Parish Police Jury (Police Jury) relating to the Secretary-Treasurer and six employees of the Police Jury.
You state that the Police Jury appointed the Secretary-Treasurer to a two-year term (1993-1994) at it's January, 1993 regular meeting. At a special meeting on January 10, 1994, he was given an additional one-year appointment so that his contract would coincide and terminate with the four-year terms of the present jurors at the end of 1995. Subsequently, at its regular meeting on February 14, 1994, the Police Jury passed a motion to rescind the one-year extension of the Secretary-Treasurer's contract. You ask whether it was legally permissible for the Police Jury to rescind its previous motion extending the Secretary-Treasurer's contract for an additional year.
In answer to your question, I refer you to R.S. 33:1651 which provides:
 "The police jury shall elect a parish treasurer for a term of two years. The office of the parish treasurer shall be located at such site as may be designated by the local governing authority; however, the parish treasurer shall also maintain an office at the parish seat. The parish treasurer may be removed from office for misfeasance, malfeasance, or any other lawful cause by vote of the majority of the elected members of the parish governing authority."
As can be seen from the above, the Police Jury must elect its treasurer for a term of two years. Once elected, the Treasurer may only be removed from office for the reasons stated in Section 1651.
As previously noted, the Police Jury's motion to rescind the previous action of extending the Secretary-Treasurer's contract for an additional year did not affect the statutorily mandated two-year term of office to which the Secretary-Treasurer had been previously elected. Therefore, in passing this motion, the Police Jury did not violate Section 1651.
The authority of a Police Jury to make prospective appointments and to rescind same was squarely addressed in the case of Faciane v. Bosco, 236 So.2d 601 [256 La. 757] (La.App. 1st Cir. 1970) Writ Refused. In that case, the St. Tammany Parish Police Jury made prospective appointments to the Greater New Orleans Expressway Commission. The Police Jury subsequently rescinded the prospective appointments and named different appointees to the Commission. The court held:
 "In the absence of any law prohibiting the Police Jury making a prospective appointment, . . . we find that the St. Tammany Parish Police Jury had at least the implied right to make appointment to fill a vacancy that was certain to occur.
 The appointment made by the St. Tammany Parish Police Jury, September 18, 1969, could not become effective until the vacancy occurred on November 1, 1969. The act of taking the oath of office and qualifying for the office meant nothing until the vacancy should occur. Therefore, we conclude that the Police Jury had the right to rescind the prospective appointments made on September 18, 1969, and to make the appointment under date of October 2, 1969, to become effective on November 1, 1969."
It is the opinion of this office that the Police Jury's action at its special meeting on February 14, 1994, rescinding a previous motion to extend the term of the Secretary-Treasurer's contract for an additional year was legally permissible.
You next state that the Police Jury adopted a motion at its December 29, 1993, special meeting to grant a five percent pay increase to six employees of the Police Jury once the 1994 budget was adopted. The budget was subsequently adopted and the six employees received their pay increase in their checks at the end of January, 1994. On February 14, 1994, at its regular meeting, the Police Jury passed a motion to rescind this five percent increase for the six employees, effective immediately. You ask whether this action was legally permissible.
In answer to your question, I draw your attention to Article X, Section 23 of the Louisiana Constitution of 1974. It provides:
 "The compensation of an elected public official shall not be reduced during the term for which he is elected." (Emphasis added.)
While the salary and/or compensation of elected officials cannot be reduced during their terms of office, no such protection is afforded employees of the Police Jury. Therefore, it is the opinion of this office that, in the absence of a local civil service law prohibiting the reduction, the Police Jury was legally empowered to adopt a motion to rescind a pay increase for employees that it had previously granted.
Should you have any additional questions concerning these matters, please do not hesitate to contact me.
With kindest regards, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ROBERT E. HARROUN, III Assistant Attorney General RPI/ROB3/bb 0338R