REQUESTED BY: Senator Jim Jones Nebraska State Legislature
Your opinion request has to do with the Governor's ability to make "prospective appointments" to public office which are appointments made in anticipation of a vacancy which will occur in the future. You ask:
 I am requesting an opinion on gubernatorial appointments. The Legislature is confirming re-appointments before a term expires and is filing vacancies with new individuals months in advance of any vacancy, allowing two individuals to be appointed to the same position. Is it legally permissible for the Governor to fill a vacancy before one exists?
For the reasons discussed below, we believe that the Governor can make prospective appointments, so long as those appointments are made for offices where the term of office for the incumbent ends before the conclusion of the Governor's term of office.
Article IV, § 10 of the Nebraska Constitution provides, in pertinent part:
 The Governor shall appoint with the approval of a majority of the Legislature, all persons whose offices are established by the Constitution, or which may be created by law, and whose appointment or election is not otherwise by law or herein provided for; and no such person shall be appointed or elected by the Legislature.
We assume that the gubernatorial appointments referenced in your opinion request are appointments made under authority of this constitutional provision and the numerous Nebraska statutes consistent with it. We also assume, for purposes of this opinion, that the appointments at issue involve appointments necessary as a result of the end of a particular officer's term, and not appointments made necessary by a vacancy in office which has arisen as a result of resignation, death, or otherwise.
Our research has disclosed no Nebraska cases which deal specifically with the legality of prospective appointments. Nor have we found previous opinions from this office which specifically deal with that issue. However, the general rule in other jurisdictions is set out at 67 C.J.S. Officers § 39:
 The general rule is that a prospective appointment to fill a vacancy sure to occur in a public office, made by an officer who . . . is empowered to fill the vacancy when it arises, is a valid appointment, and vests title to the office in the appointee. . . . An appointment to office in anticipation of a vacancy therein is proper only where the officer or body making the appointment is still in office when the vacancy occurs, an officer clothed with the power of appointment to a public office has no right to forestall the rights and prerogatives of his successor by making a prospective appointment to fill an office, the term of which is not to begin until his own term and power to appoint have expired.
The rule is similarly described in 63C Am. Jur. 2d PublicOfficers and Employees § 88:
 As a general rule, an appointment cannot be made where no vacancy of office exists. However, this rule does not prevent appointments made in anticipation of a vacancy that ultimately occurs. In this regard, appointments which fill a prospective vacancy in office before the actual vacancy occurs are generally valid; a prospective appointment to fill an anticipated vacancy or one sure to occur in a public office, made by a person or body which, as then constituted, is empowered to fill the vacancy when it arises, is, in the absence of express law forbidding it, a valid appointment, which vests title to the office in the appointee. Or, as otherwise stated, the fact that the incumbent's term has not expired at the time an appointment is made to fill a vacancy in the office does not render the appointment invalid if it is to take effect at the expiration of the incumbent's term and the vacancy will occur during the appointing officer's term of office. . . .
 However, an appointment to office in anticipation of a vacancy is good only when the officer making the appointment is still in office when the vacancy occurs. If the term of the appointing body or officer will expire prior to, or the same time as, the vacancy will occur, then no power of prospective appointment exists; in this regard, a public officer or public body having a power of appointment cannot forestall the rights and prerogatives of a successor by making a prospective appointment to fill an office where the appointee's term is not to begin until the appointing power's own term has expired.
The general rule is amply supported by cases from other jurisdictions. Mullinax v. Garrison, 296 S.C. 370, 373 S.E.2d 471
(1988); Georgia v. Suruda, 154 N.J. Super. 439, 381 A.2d 821
(N.J.Super.Ct. Law Div. 1977); Tappy v. State of Florida,82 So.2d 161 (Fla. 1955); State ex rel. La Nasa v. Hickey,222 La. 17, 62 So.2d 86 (1952); State ex rel.Childs v. O'Leary, 64 Minn. 207, 66 N.W. 264 (1896). The general rule also appears to have been applied in numerous cases where an appointment was necessitated by the end of an incumbent's term of office rather than by a vacancy in office by death, resignation, or otherwise. State ex rel. Norman v. Viebranz, 19 Ohio St.3d 146,483 N.E.2d 1176 (1985); State ex rel. Oklahoma Tax Commission v. Mourer,596 P.2d 882 (Okla. 1979); Board of Education of McCreary County v.Nevels, 551 S.W.2d 15 (Ky.Ct.App. 1977); Faciane v. Bosco,236 So.2d 601 (La.Ct.App. 1970).
We believe it likely that our courts would adopt the general rule set out in the authorities discussed above. This is particularly true since the prospective appointment process has apparently been used before in Nebraska. For example, in State exrel. Johnson v. Hagemeister, 161 Neb. 475, 478, 73 N.W.2d 625,628 (1955), the Nebraska Supreme Court indicated that then-Governor Robert Crosby had reappointed a member of the Board of Education of the State Normal Schools to that board in October, 1954, for a term of office commencing in January, 1955. In Hagemeister, the Court did not discuss the propriety of that prospective appointment, but it is apparent from the case that the process was used.
Consequently, we believe that the Governor can make prospective appointments for offices where the incumbent's term of office ends at some point in the future, so long as the incumbent's term of office ends before the Governor's term of office.[1] For example, if the term of office for an incumbent member of a state board ends in August, 1998, then Governor Nelson may make a prospective appointment for that office now. On the other hand, if the term of office for that same incumbent member of a state board ends in February, 1999, after the end of Governor Nelson's term of office, then that appointment may not be made prospectively at this time.
Since appointments by the Governor under art. IV, § 10 of the Nebraska Constitution must also be approved by the Legislature, we assume that your opinion request pertaining to the legality of prospective appointments by the Governor also involves the issue of how and when the Legislature is constitutionally required to deal with such appointments. We believe that question is governed by the Legislature's own rules.
We have previously indicated that, in our view, temporary gubernatorial appointments to fill vacancies made under art. IV, § 12 of the Nebraska Constitution must be acted upon by the Legislature at its next session, or the Legislature loses its right to disapprove those appointments. Op. Att'y Gen. No. 90010 (February 20, 1990); 1973-74 Rep. Att'y Gen. 75 (Opinion No. 56, dated May 21, 1973). On the other hand, we have also indicated that appointments made under art. IV, § 10 of the Nebraska Constitution are not subject to any constitutional provisions which require legislative action at the next session of the legislature. Op. Att'y Gen. No. 90010 (February 20, 1990). Instead, the time frame for approval of appointments under art. IV, § 10 is governed by the Legislature's own rules, since art. III, § 10 of the Nebraska Constitution allows the Legislature to determine the rules of its own proceedings, and this power extends to the transaction of any legislative business and to the performance of any duty conferred upon the Legislature by the Constitution. State ex rel. Johnson v. Hagemeister, supra; Op. Att'y Gen. No. 90010 (February 20, 1990). Therefore, because the appointments at issue are appointments at the end of a term under art. IV, § 10, we believe that the time frames for the legislative appointment approval process, including when and how the appointments are considered, are governed by the rules of the Legislature.
Sincerely yours,
 DON STENBERG Attorney General
 Dale A. Comer Assistant Attorney General
cc: Patrick J. O'Donnell Clerk of the Legislature
Approved by:
Don Stenberg 
Attorney General
[1] In addition to the provisions of art. IV, § 10 of the Nebraska Constitution, there are numerous Nebraska statutes which deal with the appointment of specific officers by the Governor. We would note that our conclusion with respect to your question regarding the propriety of prospective appointments pertains to the appointment process in general, and might be different to the extent that a particular statute establishes specific appointment procedures and time frames for an appointment to a particular office.