## S08A0687. MURPHY v. PEARSON.

(667 SE2d 83)

BENHAM, Justice.

In an effort to determine who is the rightful member of the Meriwether County Industrial Development Authority ("IDA"), appellant Karey Murphy filed a quo warranto action in which she sought a judicial determination that she rather than appellee Arthur Pearson holds title to the office.

Pursuant to the constitutional amendment that created the IDA in 1967,[1] the five members of the IDA are appointed by a majority of the Board of Commissioners of Meriwether County ("the Board") to four-year staggered terms, and any vacancy is filled by the Board for the unexpired term. Ga. L. 1967, p. 901 (B).[2] Murphy was appointed to the IDA by the Board in October 2005 to fill the unexpired term of a member who had vacated the position. Three months later, in January 2006, the Board appointed her to a four-year term on the IDA. It is undisputed that the unexpired term to which Murphy was appointed expired in January 2007 and that, when the Board voted to appoint Murphy to a four-year term on the IDA in January 2006, it did so under the mistaken belief that the term expired in January 2006.[3] In January 2007, upon the actual expiration of the term Murphy had been appointed to fill, a newly-reconstituted Board[4] appointed appellee Pearson to a four-year term on the IDA, succeeding Murphy's completion of the term vacated by the previous officeholder. In filing the quo warranto action, Murphy challenged the January 2007 appointment of Pearson, and she now appeals from

---

[1] Because the Meriwether County Industrial Development Authority was created by a constitutional amendment (Ga. L. 1967, p. 901), it is not affected by OCGA § 36-62-1 et seq., the "Development Authorities Law." See OCGA § 36-62-12.

[2] The [IDA] shall consist of five members who shall serve for a term of four years each and who shall be eligible for reappointment. The members shall be appointed by a majority of the [Board of Commissioners of Meriwether County]. The first members of the Authority shall be appointed for terms of two for two years, two for three years and one for four years and until their successors are elected and qualified. . . . Thereafter, the terms of office for all members shall be for four years and until their successors are elected and qualified. Vacancies shall be filled for the unexpired term by the Board of Commissioners. . . .

[3] At the hearing before the trial court, the three county commissioners who voted on the appointment of Murphy in 2006 and who voted on the appointment of Pearson in 2007 testified they were operating in 2006 under the mistaken belief that Caldwell's term expired in January 2006. The county administrator testified by way of deposition that he placed the IDA appointment on the Board's January 2006 agenda under the mistaken belief that the term expired in January 2006. When he discovered in January 2007 that the term actually expired in January 2007, he placed the IDA appointment on the Board's agenda for January 2007.

[4] Between January 2006 and January 2007, two new members of the Board of Commissioners were elected.

the trial court's determination that Pearson is the rightful member of the IDA.

Murphy contends the January 2006 vote to appoint her to the IDA was a valid vote to have her serve a four-year term upon completion of the unexpired term to which she had been appointed in 2005. Pearson contends Murphy's service on the IDA ended in January 2007 upon the expiration of the term she was appointed to complete, and that the Board was without authority in January 2006 to appoint Murphy to a four-year term that was to begin a year later. Thus, the issue is whether the 2006 Board had the authority to appoint someone to a seat on the IDA a year before the seat was available for occupancy.

The Board's authority to appoint the members of the IDA has its roots in the 1967 constitutional amendment (see footnote 2, supra), which does not specify a time within which the Board must exercise its authority of appointment to fill an expired term. Compare *Geeslin v. Opie*, 220 Ga. 53 (1) (136 SE2d 720) (1964) (annual election of clerk to be held on the first Monday of January); *O'Neal v. Spencer*, 203 Ga. 588 (47 SE2d 646) (1948) ("during the last thirty-day period preceding the expiration annually of the terms of office of two members of said board, the successors to said two members shall be chosen . . . ."). Instead, the constitutional amendment creating the IDA only describes the staggered terms of office of the appointees as being for four years "and until their successors are elected [by the Board] and qualified."

As a general rule, an appointing authority may make a prospective appointment, that is, an appointment that fills a prospective vacancy before the vacancy occurs. *Bryan v. Makosky*, 380 Md. 603, 611 (846 A2d 392) (2004); *Mullinax v. Garrison*, 296 S.C. 370, 371 (373 SE2d 471) (1988). See also 63C AmJur2d, Public Officers and Employees, § 88, p. 534. However, the general rule comes with a caveat: the appointing authority may make a prospective appointment so long as the vacancy to be filled by the prospective appointment will exist at a time when the appointing authority is still in office. Id.; *State ex rel. Norman v. Viebranz*, 19 Ohio St. 3d 146, 148 (483 NE2d 1176) (1985). See also 75 ALR2d 1277, Power to Appoint Public Officer for Term Commencing At or After Expiration of Term of Appointing Officer or Body, § 2a ("[A] public body, clothed with a power of appointment may validly make a prospective appointment to fill a vacancy sure to occur in a public office where the . . . board as then constituted, is empowered to fill the vacancy when it actually occurs."). Stated another way, the appointing body does not have the power to make a prospective appointment if the term of the appointing body will expire prior to, or at the same time as, the vacancy will occur. 63C AmJur2d, Public Officers and Employees, § 88, p. 535.

But see *State ex rel. Koch v. Lexcen,* 131 Mont. 161 (308 P2d 974) (1957) (three-member board's unanimous prospective appointment of county attorney was not divested by election of one member of the board prior to the county attorney taking office).

The caveat is a recognition of the common-law rule that "a public body empowered to appoint a public officer may not forestall the rights and obligations of its successor by making an appointment where the term of the appointee will not take effect until after the expiration of the term of the appointing body." (Punctuation omitted.) *Gonzalez v. Bd. of Ed. of Elizabeth School Dist.,* 325 N.J. Super. 244, 251 (738 A2d 974) (1999). See *Bryan v. Makosky,* supra, 380 Md. at 612; *Mullinax v. Garrison,* supra, 296 S.C. at 371; 63C AmJur2d, Public Officers and Employees, § 88, p. 535. The caveat is founded on valid policy considerations, for "[s]uch a prospective appointment usurps the will and power of a future board to fill a vacancy based on the future board's consideration of prevailing policy, personnel and general welfare concerns." *Gonzalez v. Bd. of Ed. &c.,* supra, 325 N. J. Super. at 252.

In light of the above, we conclude appellant Murphy was not legally appointed to the four-year term commencing in January 2007 and she no longer has a legitimate claim to that office. The trial court did not err when it found appellee Arthur Pearson to be the rightful member of the IDA.

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 22, 2008.

*Trammell, Camp & Lewis, Robert T. Trammell, Jr.,* for appellant.

*Tyron C. Elliott,* for appellee.