THE STATE, EX REL. FLEX, *v.* GWIN ET AL., BOARD OF ELECTIONS OF STARK COUNTY, ET AL.

[Cite as State, ex rel. Flex, v. Gwin, 20 Ohio St. 2d 29.]

(No. 69-666—Decided October 29, 1969.)

Mr. H. Gene Shackle, for relator.

Mr. David D. Dowd, Jr., prosecuting attorney, Mr. Paul W. Brown, attorney general, and Mr. Robert D. Zitko, for respondents.

*Per Curiam.* In this action, originating in this court, relator seeks to compel the respondent board of elections to place his name on the November 4, 1969, ballot as a candidate for judge of the Canton Municipal Court.

This case arises as a result of this court's decision in *State, ex rel. Miller,* v. *Gwin,* Case No. 69-321, decided June 18, 1969, 42 Ohio BAR No. 25, page 854, on the authority of *State, ex rel. Graves,* v. *Brown,* 18 Ohio St. 2d 61. In the *Miller case,* it was determined that Clay E. Hunter, the sole Democratic candidate for municipal judge was ineligible to be a candidate, because of his age. Section 6(C), Article IV, Ohio Constitution.

Relator alleges that he was selected as a candidate to fill the vacancy pursuant to the provisions of Section 3513.-31, Revised Code, which provides that where a candidate withdraws or dies prior to the election the vacancy may be filled by a district committee of the same political party.

Relator alleges that the board of elections now refuses to place his name on the ballot, giving rise to the present action.

It is respondents' position first, that there is no vacancy inasmuch as Hunter was ineligible under the Constitution at the time he filed his nominating petition, and second, if there is a vacancy it is one which does not fall within the provisions of Section 3513.31, Revised Code, because it was not created by death or withdrawal of the candidate.

Respondents' basic argument is that, inasmuch as Hunter was ineligible to succeed himself as Municipal Judge because of his age, there was no valid Democratic candidate for the office of Municipal Judge. Thus, there was no nomination, no withdrawal and no vacancy. In other words, respondents' position is that since Hunter was ineligible the situation is the same as if no person had sought the nomination.

In the present case, an individual in good faith and in reliance on the fact that both the Secretary of State, as the chief election officer, and the Attorney General had issued opinions stating that a person in his position was eligible for re-election, filed his declaration of candidacy with the necessary number of signatures. Members of his party signed his petitions in the belief that they would have a member of the Democratic party as a candidate for judge at the general election. However, prior to the primary, but too late for another candidate to be placed on the primary ballot, this court decided *State, ex rel. Graves,* v. *Brown,* 18 Ohio St. 2d 61, which held that a person in Hunter's position could not, because of age, be elected to the office of judge.

Hunter was the unopposed Democratic candidate for this office and, in the normal course of events, would have been issued a certificate of nomination. Section 1901.-07, Revised Code, and Section 3513.02, Revised Code. Thus, the Democratic party did, in fact, have a candidate for this office until a time too late to substitute another in his place at the primary election.

The term "vacancy," in relation to public office, is not subject to any technical definition or meaning. *State, ex*

*rel. Foughty*, v. *Friedrich* (Minn.), 108 N. W. 2d 681; *Paul* v. *Pierce*, 68 N. J. Supp. 521, 172 A. 2d 721. To follow respondents' argument would be to give entirely too technical a definition to the term "vacancy."

Under our political system, it is basic that a political party is entitled to have a candidate for each office at the general election.

Thus, where a political party has a candidate who appears to be qualified for nomination at a primary election, but who is determined to be ineligible to be a candidate at a time too late for another candidate to be duly nominated, a vacancy exists which the proper political agency is entitled to fill.

It having been determined that a vacancy exists, the question arises whether the vacancy may be filled by the committee under Section 3513.31, Revised Code, which provides for the filling of vacancies caused by death or withdrawal.

A literal reading of that section would indicate that the committee would have no such right, since the section refers specifically only to vacancies caused by death or withdrawal.

However, that section should be considered in relation to its purpose and intent. It is clear that Section 3513.31, Revised Code, was intended to provide a means of placing a party candidate on the ballot at the general election when, because of circumstances beyond the control of the party, the declared candidate could not longer be a candidate at the general election. It was designed to provide the electors with an opportunity to vote for a person from their own political party. To interpret this section strictly would serve to deprive members of a political party, who in good faith had signed a nominating petition in order to have a candidate on the ballot of their own political faith, of their elective franchise. This is completely in derogation of our elective system. It would leave one party without representation for office through no fault of its own.

Where a declared candidate for public office is found

32

to be ineligible there is, in effect, an involuntary withdrawal, a withdrawal by operation of law, and, under Section 3513.31, Revised Code, another candidate may be appointed by a county district central committee to take his place.

Relator, having been duly selected to fill this vacancy, is entitled to have his name placed on the ballot.

*Writ allowed.*

MATTHIAS, O'NEILL, HERBERT, DUNCAN and CORRIGAN, JJ., concur.

TAFT, C. J., and SCHNEIDER, J., dissent.