THE STATE, EX REL. TAYLOR ET AL., *v.*
FRANKLIN COUNTY BOARD OF ELECTIONS.

(No. 79AP-794—Decided November 1, 1979.)

*Messrs. Bricker & Eckler, Mr. Russell Leach, Mr. G. Rand Smith, Messrs. Fontana, Ward & Kaps* and *Mr. Thomas Bainbridge,* for relators.

*Mr. George C. Smith,* prosecuting attorney, and *Mr. Keith Henry,* for respondent.

McCORMAC, J.   Relators, Anthony T. Taylor, Sr., and his nominating committee, Melvin Cramer, Robert W. Ussery and Addie M. Jewell, have commenced a mandamus action in this court seeking an order requiring respondent, the Franklin County Board of Elections, to place the name of Anthony T. Taylor, Sr., on the November 6, 1979, general election ballot in Prairie Township, Franklin County, Ohio, for the office of township trustee.

The parties have agreed that the court should decide the case on the pleadings, as the facts are not in dispute; and, it is necessary that a prompt decision be rendered to prevent the issue from becoming moot.

Paul A. Wagner had been nominated as a candidate for Prairie Township Trustee and his name would have appeared on the ballot for the November 6, 1979, election except that he died on October 5, 1979. In Wagner's nominating petitions, he had designated Melvin Cramer, Robert W. Ussery and Addie M. Jewell as "a committee to represent" him. After his death, that committee of three unanimously designated Anthony T. Taylor, Sr., to fill the vacancy created by the death of Wagner. Taylor notified the Franklin County Board of Elections that he had accepted that nomination. However, the board of elections, on Monday, October 22, 1979, refused to place Taylor's name on the November 6, 1979, ballot for the sole reason that he had not been nominated by a committee of five, it being clear that Taylor otherwise was eligible to replace Wagner as a candidate.

The sole issue is whether Anthony T. Taylor, Sr., has a clear legal right to be placed on the November 6, 1979, ballot in Prairie Township, Franklin County, Ohio, as a candidate for Prairie Township Trustee to fill the vacancy created by the death of Paul A. Wagner.

The applicable statute, providing for replacement of Wagner, is R. C. 3513.31 which, as pertinent, reads as follows:

"If a person nominated by petition as a candidate for election at the next general election dies prior to the tenth day before the day of such general election, the vacancy so created may be filled by the committee of five designated in such nominating petition to represent the candidate named therein. To fill such vacancy the members of such committee, or a majority of them, shall not later than the fifth day before the day of such general election, file with the election officials with whom the petition nominating such person was filed, a certificate signed and sworn to under oath by each of them, designating the person they select to fill such vacancy. Such certification must be accompanied by the written acceptance of such nomination by the person whose name is so certified."

The nomination of Taylor and his acceptance complied with R. C. 3513.31, with the exception that Wagner had designated only three members of a committee in his nominating petition rather than five. However, the three committee members so designated unanimously agreed so that had there been two other committee members, these three com-

mittee members could have still nominated Taylor as three constitutes a majority of five.

Since the defect, if any, in the committee to replace the deceased candidate occurred in the committee designation portion of Wagner's nominating petition, it is necessary to consider the statutory requirements that applied to Wagner in regard to designating a committee in his nominating petition.

R. C. 3513.261 provides for the form of the nominating petition that Wagner was to use. As pertinent, it provides that:

"The form of the nominating petition and statement of candidacy shall be substantially as follows:

## "STATEMENT OF CANDIDACY

"* * *

"I, . . . . . . . ., hereby constitute the persons named below a committee to represent me:

"Name                         Residence

" . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ,,
. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . "

The number of persons to be designated as the committee is not specifically stated, although there are five unnumbered blanks for signatures. Moreover, candiates were not informed by the Secretary of State or board of elections of a requirement to designate five committee members. Wagner's nominating petitions were not rejected by the board of elections on the basis that only three committee members were named.

R. C. 3513.261 first became effective on January 1, 1954. It replaced R. C. 3513.27, which was repealed at that time. Prior to January 1, 1954, R. C. 3513.27 (see 124 Ohio Laws 684 to 686, former G. C. 4785-91) provided, as pertinent, that the form of the nominating petition "* * * shall be substantially as follows":

"We hereby constitute the persons named below a committee to represent said candidate:

"Committee of Five Persons[.]"

Since 1954, specific reference in the nominating petition to a "Committee of Five Persons" has been eliminated. The reference to a committee of five, of which a majority can con-

duct business, was retained only in R. C. 3513.31, where provision is made for filling vacancies.

G. C. 5000, provided that "[s]igners of such nomination papers shall insert in them the names and addresses of such persons as they desire *to the number of five* as a committee who may fill vacancies caused by death or withdrawal." (Emphasis added.) G.C. 5000 was repealed by the 88th General Assembly (see 113 Ohio Laws 412), and no similar provision has since been enacted.

In *State, ex rel. Minor,* v. *Curtis* (1920), 101 Ohio St. 383, the Supreme Court held that G. C. 5000 created a mandatory duty for the candidate to include, in his nomination papers, "***the names and addresses of such persons as ***[the signers may] desire to the number of five***[to be a] committee who may fill***[a vacancy] caused by death or withdrawal" (G. C. 5000); that the provision was mandatory; and, that, in absence thereof, the board of elections was not required to place the name of the candidate upon the official ballots. It is noted, however, that G. C. 5000 did not require a committee of five but only a maximum of five. R. C. 3513.261 requires a committee, but not a committee of five. Thus, it appears that Wagner's nominating petitions were not defective by virtue of his naming a committee of three. However, the issue is not whether Wagner's nominating petitions qualified him to become a candidate, but whether his naming of a committee of three creates a vehicle to designate a replacement candidate pursuant to the requirements of R. C. 3513.31.

"***[P]ublic policy***favors free competitive elections***[where] the electorate has***[an] opportunity to make a choice between candidates***." *Stern* v. *Bd. of Elections* (1968), 14 Ohio St. 2d 175, 184. To construe R. C. 3513.31 in a very strict sense (that only a committee of five, but not a majority of five, can act in choosing a replacement) would be to choose a construction tending to deprive the electors of a choice, in derogation of this principle. In *State, ex rel. Flex,* v. *Gwin* (1969), 20 Ohio St. 2d 29, the Supreme Court specifically held that R. C. 3513.31 is not to be interpreted literally when that interpretation results in an absence of a provision to replace an ineligible candidate, thus depriving some voters of their election franchise. Also, in *State, ex rel. Flex,* v. *Gwin, supra,* the court held that R. C. 3513.31 could

be used to replace an ineligible candidate even though the statute only referred to replacement of candidates who had withdrawn or died.

R. C. 3513.31 provides the only method for replacing Wagner as a candidate for township trustee after his death. However, R. C. 3513.31 should be interpreted, consistent with the principle favoring choices in elections, as permitting a committee of three acting unanimously to constitute "a majority of a committee of five" who are entitled to fill a vacancy created by the death of a candidate.

The Franklin County Board of Elections has a clear legal duty to place Anthony T. Taylor, Sr., on the November 6, 1979, general election ballot in Prairie Township, Franklin County, Ohio, for the office of township trustee. A writ of mandamus shall be issued forthwith.

*Writ allowed.*

WHITESIDE and MOYER, JJ., concur.

WHITESIDE, J., concurring. Although I feel that R. C. 3513.261 and 3513.31 contemplate a committee of five persons, the petitions herein substantially complied with the statutory requirements by naming three members of the committee who, pursuant to R. C. 3513.31, are authorized to act if they do so unanimously, as they did in this case. Accordingly, I concur in the judgment.