THE STATE, EX REL. PHILLIPS, *v.* LORAIN COUNTY BOARD OF ELECTIONS ET AL.

[Cite as *State, ex rel. Phillips, v. Lorain Cty. Bd. of Elections* (1991), 62 Ohio St.3d 214.]

(No. 91–1871—Submitted and decided October 15, 1991—
Opinion announced November 14, 1991█)

*Gerald W. Phillips, pro se.*

*Gregory A. White,* Prosecuting Attorney, and *M. Robert Flanagan,* for respondents.

*Per Curiam.*

## I

## Nominating Committee

R.C. 3513.261 provides in part:

" * * *

"The form of the nominating petition and statement of candidacy shall be substantially as follows:

" * * *

"I, ......................, hereby constitute the persons named below a committee to represent me:

"Name                              Residence

" .............................................................

" .............................................................

" .............................................................

" .............................................................

" ............................................................."

R.C. 3513.31 then refers to this committee, stating in the eighth paragraph:

"If a person nominated by petition as an independent or nonpartisan candidate for election at the next general election dies prior to the tenth day before the day of such general election, the vacancy so created may be filled by the committee of five designated in such nominating petition to represent the candidate named therein. To fill such vacancy the members of such committee, or a majority of them, shall not later than 4:00 p.m. of the fifth day before the day of such general election, file with the election officials with whom the petition nominating such person was filed, a certificate signed and sworn to under oath by each of them, designating the person they select to fill such a vacancy. Such certification must be accompanied by the written acceptance of such nomination by the person whose name is so certified."

In *State, ex rel. Minor, v. Curtis* (1920), 101 Ohio St. 383, 130 N.E. 18, we held that G.C. 5000, a predecessor of R.C. 3513.261, was mandatory and

required a candidate to name a committee. The Court of Appeals for Franklin County followed this decision in *State, ex rel. Taylor, v. Franklin Cty. Bd. of Elections* (1979), 66 Ohio App.2d 102, 20 O.O.3d 225, 421 N.E.2d 162, holding that R.C. 3513.261 also requires the appointment of a committee, but not a committee of five. In *Taylor*, a deceased candidate had appointed three persons to represent him, and the court held that the three, voting unanimously, satisfied the requirements of R.C. 3513.31, citing the familiar principle that the law favors free competitive elections, *Stern v. Cuyahoga Cty. Bd. of Elections* (1968), 14 Ohio St.2d 175, 184, 43 O.O.2d 286, 291, 237 N.E.2d 313, 319. However, the *Taylor* court overlooked a significant difference between former G.C. 5000 and current R.C. 3513.261. G.C. 5000 expressly required the appointment of a committee (by the signers, not the candidate), stating:

"Signers of such nomination papers shall insert in them the names and addresses of such persons as they desire to the number of five as a committee who may fill vacancies caused by death or withdrawal." 1910 General Code, as enacted by 1910 S.B. No. 2, quoted in *State, ex rel. Minor, supra*, 101 Ohio St. at 386, 130 N.E. at 19.

R.C. 3513.261 does not expressly require the appointment of a committee. This change in the law occurred in 1930 when Am.Sub. S.B. No. 2, effective January 1, 1930 (113 Ohio Laws 307, 349), repealed G.C. 5000 and substituted in its place G.C. 4785-91, which was in substantially the same form as current R.C. 3513.261, *i.e.*, the express requirement to name a committee was gone, and only the reference to the form of the petition remained:

"The form of the nominating petitions shall be substantially as follows:

" * * *

"We hereby constitute the following persons, or petitioners, as a committee to represent said candidates:

"Committee of Five Persons         Residence

" .............................................................................

" .............................................................................

" .............................................................................

" .............................................................................

" .............................................................................."

Moreover, we note that R.C. 3513.31 and its predecessors, G.C. 4785–94 and G.C. 5010, at least as far back as 1910, have never required the committee appointed to actually name a replacement should the candidate die. Therefore, the appointment of a successor candidate to provide a free, competitive election was never ensured under the law, even when the duty to name a committee was mandatory.

Accordingly, we find that the change in the law since *State, ex rel. Minor* was decided limits its scope, and that appointment of a committee under R.C. 3513.261 is not mandatory.

## II

Relator presents evidence, including expert testimony, that the candidate for the Ward 3 council seat violated election law by allowing a person to sign another's name to the petition. It is not clear whether this evidence was also presented to respondents at the hearing on the protest. Respondents state, in paragraph 12 of their answer, that this protest was denied "because a comparison of the signature in question on the nominating petition with the most previous election day signature roster indicated that the signature in question appeared to be genuine." Therefore, we presume at least some evidence was presented to the respondents.

R.C. 3513.262 declares that the board's decisions on protests to nominating petitions are final; however, we shall set aside such decisions for fraud, corruption, abuse of discretion, or clear disregard of statutes or applicable legal provisions. *State, ex rel. Senn, v. Cuyahoga Cty. Bd. of Elections* (1977), 51 Ohio St.2d 173, 175, 5 O.O.3d 381, 382, 367 N.E.2d 879, 880. In *State, ex rel. Clinard, v. Greene Cty. Bd. of Elections* (1990), 51 Ohio St.3d 87, 88, 554 N.E.2d 895, 896, we held that "[t]here is no abuse of discretion when the board reaches its decision on substantial though conflicting evidence." Apparently, respondents did not accept whatever evidence relator presented, but relied on their own analysis of the handwriting. We do not find in this an abuse of discretion.

*Writ denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.