[Cite as *State ex rel. Weller v. Tuscarawas Cty. Bd. of Elections*, 2019-Ohio-4032.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO, ex rel. CLAYTON WELLER | JUDGES:<br>Hon. W. Scott Gwin, P. J.<br>Hon. John W. Wise, J.<br>Hon. Earle E. Wise, Jr., J. |
| Relator | |
| -vs- | Case No. 2019 AP 09 0037 |
| TUSCARAWAS COUNTY BOARD of ELECTIONS | O P I N I O N |
| Respondent | |

CHARACTER OF PROCEEDING:      Writ of Mandamus

JUDGMENT:      Denied

DATE OF JUDGMENT ENTRY:      September 30, 2019

APPEARANCES:

For Relator

TONYA J. RODGERS
BAKER, DUBLIKAR , BECK
WILEY & MATHEWS
400 South Main Street
North Canton, Ohio  44720

For Respondent

ROBERT R. STEPHENSON II
ASSISTANT PROSECUTOR
125 East High Avenue
New Philadelphia, Ohio  44663

*Wise, John, J.*

{¶1}   Relator, Clayton Weller, filed a Complaint for Writ of Mandamus against Respondent, Tuscarawas County Board of Elections ("Board of Elections"), on September 9, 2019. The issue presented in Mr. Weller's writ of mandamus is whether his name should be placed on the November 5, 2019 ballot as a candidate for the office of mayor for the Village of Sugarcreek.

{¶2}   Mr. Weller circulated part petitions containing a "statement of candidacy" and "nominating petition." On June 21, 2019, Mr. Weller timely filed four part petitions with the Board of Elections. The Board of Elections determined Mr. Weller's part petitions contained a total of 72 valid signatures. However, the Board of Elections met on August 19, 2019, and rejected certification of Mr. Weller's petitions for placement on the general election ballot because the "nominating petition" section of the Petition Form No. 3-O was not completed on all four part petitions. An example of the four incomplete part petitions' "nominating petition" section is below:

**Nominating Petition**

We, the undersigned, qualified electors of the State of Ohio, whose voting residence is in the county, city, village, or township set opposite our names, hereby nominate _____ as a
                                                                              Name of Candidate
candidate for election to the office of _____ in the City or Village of

                                                                 Office
_____   for the: Check one ☐ full term or ☐ unexpired term ending _____ ,
        Name of City or Village                                                                      Unexpired Term Ending Date
to be voted for at the next general election, and certify said person is, in our opinion, well qualified to perform the duties of the office or position to which the person desires to be elected.

Signatures on this petition must be from only one county and must be written in ink.

{¶3}   The Board of Elections notified Mr. Weller of its decision by letter dated August 22, 2019. Mr. Weller thereafter filed this original action and maintains that under R.C. 3513.261 he only needed to complete the "statement of candidacy" section of the

petition before circulation for signature and that he satisfied this requirement. Mr. Weller further contends that R.C. 3513.261 does not expressly require completion of the "nominating petition" section of the form for compliance and certification and that completion of the "nominating petition" is merely duplicative of the information contained in the "statement of candidacy." Thus, Mr. Weller asserts that by completing the "statement of candidacy," he substantially complied with R.C. 3513.261. Finally, Mr. Weller makes a public policy argument that Ohio law governing access to the ballot is to be construed liberally in favor of granting access.

{¶4}   To prevail on his writ, Mr. Weller must prove that he has a clear legal right to have his name placed on the November 5, 2019 ballot, that the Board of Elections is under a clear legal duty to provide the requested relief, and that Mr. Weller has no adequate remedy in the ordinary course of the law. *State ex rel. Linnabary v. Husted*, 138 Ohio St.3d 535, 2014-Ohio-1417, 8 N.E.2d 940, ¶13. We find Mr. Weller has established that he has no adequate remedy in the ordinary course of the law due to the nearness of the general election. *See State ex rel. Greene v. Montgomery Cty. Bd. of Elections*, 121 Ohio St.3d 631, 2009-Ohio-1716, 907 N.E.2d 300, ¶10.

{¶5}   "In extraordinary actions challenging the decisions of the Secretary of State and boards of elections, the standard is whether they engaged in fraud, corruption, or abuse of discretion, or acted in clear disregard of applicable legal provisions." *Whitman v. Hamilton Cty. Bd. of Elections*, 97 Ohio St.3d 216, 2002-Ohio-5923, 778 N.E.2d 32, ¶11. Here, there is no evidence or argument regarding fraud or corruption. Instead, the dispositive issues are whether the Board of Elections abused its discretion or clearly disregarded applicable law by rejecting Mr. Weller's part petitions.

**{¶6}**　　At the outset, Mr. Weller contends the standard for compliance under R.C. 3513.261 is substantial compliance and not strict compliance. In *State ex rel. Husted v. Brunner*, 123 Ohio St.3d 288, 2009-Ohio-5327, 915 N.E.2d 1215, ¶15, the Ohio Supreme court held, "[t]he general rule is that, unless there is language allowing substantial compliance, election statutes are mandatory and must be strictly complied with." Under R.C. 3513.261, when the General Assembly references the concept of substantial compliance, it does so with regard to the issue of "form." For example, the first sentence of the statute provides: "A nominating petition may consist of one or more separate petition papers, each of which shall be substantially in the *form* prescribed in this section." (Emphasis added.) In *Simonetti v. Summit Cty. Bd. of Elections*, 151 Ohio St.3d 50, 2017-Ohio-8115, 85 N.E.3d 728, the Court explained that R.C. 3513.261 "requires only substantial compliance with the prescribed 'form' of the nominating petition, but the statute contains no language regarding substantial compliance as to other matters." *Simonetti* at ¶26.

**{¶7}**　　The Court further explained in *Simonetti* that "[w]hen considering questions of substantial compliance with an election statute, we examine whether the requirement at issue 'serves a public interest and a public purpose.' " *Id.* at ¶ 27. In *Simonetti,* the Court concluded the requirement that a candidate sign the statement of candidacy on the petition paper before circulating the nominating petition advances two public purposes. *Id.* First, it guarantees adequate notice of the candidate's identity to electors and second, it ensures the petition will not be used for a candidacy other than the one intended by the signers. *Id.* Importantly, the Court concluded "[t]hese interests do not relate merely to the

'form' of a nominating petition but go to the very substance." The Court concluded Simonetti's substantial-compliance argument was unavailing. *Id.*

**{¶8}** Here, Mr. Weller contends strict compliance with submission of a completed "nominating petition" was not required because R.C. 3513.261 does not expressly require completion of the "nominating petition" section of the form and the information contained in the "nominating petition" section of the petition is merely duplicative of that contained in the "statement of candidacy" section. Thus, Mr. Weller maintains nothing would be accomplished by requiring him to supply the same information in the "nominating petition" section of the petition.

**{¶9}** In support of his argument, Mr. Weller cites *State ex rel. Yacobozzi v. Lorain Cty. Bd. of Elections*, 27 Ohio App.3d 280, 500 N.E.2d 905 (9th Dist.1985), where the court of appeals granted a writ of mandamus for placement of relator's name on the ballot. The court found the absence of the day of the month on which the declaration of candidacy was completed did not mislead anyone and because the statement of candidacy was completely filled out prior to circulation among the electors, the electors were properly informed. *Id.* at 281. *Yacobozzi* is distinguishable from the facts here because in *Yacobozzi*, relator merely failed to complete a date and not an entire section of the petition.

**{¶10}** Further, under *Simonetti* and the substantial compliance analysis, we must determine whether the completion of the "nominating petition" section of the petition serves a public interest and public purpose. We find that it does. This section of the petition indicates to the signators of the petition the name of the candidate they are nominating, the office the candidate is running for, and whether the term sought by the

candidate is a full or unexpired term. Essentially, Mr. Weller's failure to complete the "nominating petition" section of the petition resulted in the signators nominating nobody as a candidate.

{¶11} Also, the fact that Mr. Weller completed the "statement of candidacy" section of the petition does not remedy the fact that he did not complete the "nominating petition" section. Although the "nominating petition" section of the petition contains information that duplicates the information provided in the "statement of candidacy," the purpose of the two sections are not duplicative. They serve two separate purposes. The "statement of candidacy" is the candidate's declaration that he or she intends to run for a particular office and is an elector qualified to vote for the office he or she seeks. The "nominating petition" section of the petition actually identifies the candidate being nominated by the signators to the petition, the office being sought by the candidate, and the term of the office.

{¶12} Thus, Mr. Weller's failure to provide any information in the "nominating petition" section of the petition does not relate merely to the "form" of the nominating petition, but goes to its very substance. Further, the "nominating petition" section of the petition serves several public interests and purposes. It identifies the person who is being nominated by the signators and the office being sought by the candidate.

{¶13} In his Reply, Mr. Weller references *State ex rel. Phillips v. Lorain Cty. Bd. of Elections*, 62 Ohio St.3d 214, 581 N.E.2d 513 (1991), which left blank the "nominating committee" section of a petition. *Id.* Relator requested that the nominating petitions be rejected. *Id.* The Ohio Supreme Court disagreed and denied the writ because the current version of R.C. 3513.261 did not expressly require the appointment of a nominating

committee, with this change in the law occurring in 1930 when the statute was repealed. *Id.* at 216. By analogy, Mr. Weller maintains the same analysis applies here to the "nominating petition" section of the form.

{¶14} We disagree. R.C. 3513.261 specifically requires that a nominating petition substantially comply with the form set forth in the statute. The example in the statute contains a "nominating petition" section. Because the "nominating petition" section of the petition must be included to substantially comply with the required form, we cannot assume that failure to complete the required information substantially complies with the mandate of the statute. Therefore, *Phillips* is not persuasive. Further, Mr. Weller cited no other case law that found a petition to be valid where the candidate failed to complete any portion of the "nominating petition" section of the petition.

{¶15} For these reasons, we find the Tuscarawas County Board of Elections did not abuse its discretion or act in clear disregard of applicable legal provisions when it concluded Mr. Weller's Nominating Petitions were not completed as required by law.

{¶16} Mr. Weller's writ of mandamus is denied.

By: Wise, John, J.
Gwin, P. J., and
Wise, Earle, J., concur.


.

JWW/d 0927